IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| LENNY M. CHAPMAN and TRACY M. CHAPMAN,<br><br>Plaintiffs,<br><br>v.<br><br>HILAND OPERATING, LLC<br>a Foreign Company,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>MISSOURI BASIN WELL SERVICE, INC.<br>AND B&B HEAVY HAUL, LLC,<br><br>Third-Party Defendants. | Civil No. 1:13-CV-00052 |

## PROTECTIVE ORDER/ANTI-DISSEMINATION ORDER

On this 5th day of November, 2013, this proceeding comes before the undersigned Judge of the District Court upon submission of this Proposed Protective Order ("Protective Order") by the parties. Parties believe that during the course of this pending action it may be necessary to use or disclose certain confidential information as defined below.

By agreement of the parties, and for good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. **Definitions.** The following terms shall have the meanings ascribed below for purposes of this Protective Order:

   a. "Parties" shall include all parties now named or hereafter joined as a plaintiffs or defendants, in this action, and shall include all officers, trustees, and employees of the parties.

1822146.1:422682:00330

b. "Producing Party" shall mean the the party producing the documents.

c. "Document" shall have the full meaning ascribed to it in the Federal Rules of Civil Procedure.

d. "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pre-trial exchange, or otherwise, in prosecution or defense of this action, or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

e. "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

f. **"Confidential Information"** shall mean the contents of any document or transcript of testimony which shall have been designated in good faith as "Confidential" by the Producing Party. The Producing Party may designate documents or information, or a portion of a document or information, as "Confidential" only if it has a good faith basis for asserting that the designated portion of the document or information is private personal information, healthcare information, trade-secret, financial, confidential research, development, or commercial information, or other proprietary information.

2. If a document is designated **Confidential**, each page of the document containing Confidential Information shall be clearly marked "Confidential" at the time the document is produced or disclosed. Portions of testimony may be designated "Confidential" by noting it on

the record, or by designating portions of the transcript within 30 days after the transcript is made available for review and correction. The terms of this Protective Order apply to any confidential documents and information produced after it is entered (and any documents designated pursuant to Paragraph 9 hereof) and the terms of this Protective Order shall be binding upon the parties to this action and their counsel, as well as on any deponents or trial witnesses in this action and their counsel. Confidential documents and information shall only be used for purposes of this litigation and for no other purpose. **All parties and their attorneys and all deponents and trial witnesses and their attorneys shall take all necessary and proper steps to preserve the confidentiality of Confidential documents and information.**

    3.    Unless otherwise ordered by the Court, **Confidential** documents and information may be disclosed only as follows:

    (a)    to the Parties, subject to the terms of Paragraph 4;

    (b)    to the counsel of record to the Parties in this action, including support personnel and any regular and temporary employees and service vendors of such counsel, including outside copying and litigation support services, so long as all such persons are informed of this Protective Order and agree to its terms;

    (c)    to independent experts and consultants (including support personnel) who are providing advice in connection with the litigation, trial preparation or trial of this litigation, subject to the terms of paragraph 4;

    (d)    to the actual or potential witnesses in deposition and at trial, subject to the terms of paragraph 4;

    (e)    to interviewed individuals whom counsel has a good faith belief have

knowledge concerning the subject matter described in the confidential documents and information, subject to the terms of paragraph 4;

(f) to the Court, *in camera*, and to court reporters, including deposition court reporters and their staff;

(g) to any mediator or settlement master appointed by the Court or agreed to by the parties, and

(h) to any other person to whom the Producing Party agrees in writing the information may be disclosed, subject to the terms of paragraph 4.

4. Disclosure of Confidential Information to persons specified in subparagraphs (a), (c), (d), (e), and (h) of subparagraph 3 shall be permitted only after each such person is given a copy of this Protective Order and acknowledges, in writing, that he or she has read, understands, and agrees to be bound by the terms of this Protective Order as set forth in the forms attached hereto as Exhibit A and Exhibit B. Counsel disclosing Confidential Information to any such person shall be responsible for maintaining a file containing the signatures of all such persons to whom Confidential information has been disclosed. The file shall be made available to opposing counsel at the termination of this litigation, or earlier by agreement of the Parties or by order of the Court for cause shown.

In no event shall Confidential Information be left in the possession of the witness. To the extent a witness testifies regarding such Confidential Information, counsel may direct that any exhibits to the deposition transcript designated confidential be excluded from the copy of the deposition transcript provided to the deponent.

5. If Confidential documents or information are submitted to the Court in connection with a motion, trial or other proceeding, the documents and information designated Confidential

shall be served on counsel for all parties and filed under seal in conformance with Local Court Rules unless otherwise ordered by the Court.

6.  This Protective Order is without prejudice to and does not impair the right or ability of any party to assert in good faith that any document or information designated "Confidential" should not be treated as confidential under this Protective Order. Any party may challenge in writing a Producing Party's designation of a document, information, or any portion thereof, as "Confidential" within thirty (30) days of its production or designation as "Confidential." If the Producing Party does nothing or retracts the "Confidential" designation within ten (10) days of such written challenge, the document or information shall no longer be treated as Confidential under the terms of this Protective Order. If the Producing Party wishes to defend its designation of the document or information as "Confidential," it shall within ten (10) days of such written challenge file a motion for protective order concerning the document or information at issue, with the burden of production and risk of non-persuasion resting on such Producing Party or person who asserts or maintains that confidential status is warranted.

7.  If any party receives a court order, subpoena, or other written request seeking disclosure of a Producing Party's Confidential Information, the receiving party shall immediately notify counsel for such Producing Party and provide a copy of the order, subpoena, or written requests.

8.  No later than 90 days following the conclusion of all proceedings in this litigation, including but not limited to any appeals, all Confidential Information received by any party, regardless of the form in which the information has been stored, recorded, or preserved, shall, upon written request by the Producing Party, be either returned to the Producing Party or destroyed under the supervision of counsel of record for the recipient, with a certificate of

destruction furnished to counsel for the producing party, *provided* that counsel of record may retain for its files, subject to the continuing strictures of this Protective Order, copies of pleadings, affidavits, briefs, and memoranda filed in this proceeding, transcripts of all depositions (with exhibits) taken, and all of its own work product generated in connection with this action.

9. To the extent a party has produced documents in discovery prior to the entry of this Order that are deemed in good faith to be Confidential, the Producing Party may designate such documents as Confidential by notifying counsel of record of the Bates numbers of the Confidential documents and such documents shall thereafter be treated as Confidential pursuant to the terms of this Order. To the extent any party has already provided any of the documents designated pursuant to this paragraph to a consultant or any other person, that party shall notify all such consultants or other persons in writing within 20 days of the Paragraph 9 designation that the documents have been designated as Confidential and that the consultants or other persons are required to treat those documents in compliance with the terms of this Order. Such designation will be made by the Producing Party within thirty days of the entry of this Protective Order. Additionally, in the event a Producing Party makes an inadvertent production of information/document(s) without the "Confidential" designation subsequent to the entry of this Protective Order, the Producing Party shall have thirty (30) days from the date of the inadvertent production to designate the inadvertent production as "Confidential". Immediately upon written notice of the inadvertent production by the Producing Party, the Parties shall treat the document(s) as Confidential. Written notice shall include the Bates number(s) of the inadvertent production.

10. This Protective Order shall remain binding after the conclusion of this litigation

unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties and persons subject to this Protective Order for the purpose of enforcing the provisions of this Protective Order and to enter such orders as may be necessary to compel compliance and impose sanctions for any violation. This Protective Order is without prejudice to and does not impair the ability or rights of any party to move for the lifting or modification of this Protective Order.

SO ORDERED THIS THE 5th day of November, 2013.

_____
JUDGE OF THE DISTRICT COURT