**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Lenny M. Chapman and <br> Tracy M. Chapman, <br><br><br> Plaintiffs, <br><br> vs. <br><br> Hiland Operating, LLC, a Foreign <br> Company, Hiland Partners GP Holdings, <br> LLC, a Foreign Company, and Hiland <br> Partners LP, a Foreign Partnership, <br><br><br><br> Defendants and <br> Third-Party Plaintiff <br> (Hiland Operating, LLC) <br><br> vs. <br><br> Missouri Basin Well Service, Inc., and <br> B&B Heavy Haul, LLC, <br><br> Third-Party Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER GRANTING IN PART <br> MOTION TO COMPEL DISCOVERY; <br> GRANTING MOTIONS TO QUASH <br> SUBPOENAS** <br><br><br><br><br><br> Case No. 1:13-cv-052 |

On December 17, 2013, the court held a discovery hearing in the above-captioned case.

Attorneys David S. Maring and James R. Hoy appeared in person on plaintiffs' behalf. Attorney

Robert P. Schuster appeared by telephone on plaintiffs' behalf. Attorneys Meredth L. Vukelic,

Patrick W. Durick, and Margaret M. Clarke appeared in person on behalf of defendants and third-

party plaintiff. Attorney Joel A. Flom appeared in person on behalf of third-party defendant

Missouri Basin Well Service, Inc. At the hearing, the court considered disputes regarding plaintiffs'

interrogatories, plaintiffs' requests for production of documents, and defendants' motions to quash

subpoenas.  What follows are the court's rulings with respect to the matters in dispute based on the reasons expressed on the record during the hearing.

**I.    DEFENDANTS' OBJECTIONS BASED ON FED. R. EVID. 407**

Defendants have objected to a number of discovery requests claiming that the information being sought relates to subsequent remedial measures and would be inadmissible under Fed. R. Evid. 407.  Rule 407, however, is a rule of admissibility and not a rule of discovery.  E.g., Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co., 270 F.R.D. 456, 463-64 (D.N.D. 2010).  More importantly, it contains numerous exceptions and it is far too early in the litigation to determine whether the evidence being sought would be admissible.  See id.  Consequently, all of defendants' objections based on Rule 407 are overruled.

**II.    PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Prior to the hearing, plaintiffs filed a motion to compel discovery.  The motion (Docket No. 78) is **GRANTED IN PART**.  The court's rulings on the issues raised in the motion are summarized below.

**A.    INTERROGATORIES**

Subject to the court's overruling all objections based on Fed. R. Evid. 407, the court rules as follows with respect to the interrogatories in dispute:

**1.    INTERROGATORY NOS. 5-6**

The requests are overbroad.  Defendants shall respond in part.  The response shall be limited to the requested information as it relates any piping that leads to the tanks, the operation and construction of the tanks, anything relating to places of loading, the layout of the loading facilities,

and signage and lighting related to the tanks, including both the high pressure and the low pressure systems.

### 2. INTERROGATORY NO. 8

Defendants have provided a sufficient response to the interrogatory as written.

### 3. INTERROGATORY NO. 11

The request is overbroad. Defendants shall respond in part. The response shall be limited to the requested information as it relates to lawsuits related to the overflow of a condensate tank resulting in property damage, personal injury, or wrongful death.

### B. REQUESTS FOR PRODUCTION OF DOCUMENTS

The parties agree that production of documents relating to decks, platforms, stairways, and walkways appurtenant to the tanks is not required. Subject to this and the court's earlier ruling with respect to the Fed. R. Evid. 407 objections, the court rules as follows:

### 1. REQUEST NOS. 25-26

The additional categories of information requested are within the proper scope of the suit, but the time period for which the documents are requested is overbroad. Defendants shall provide the documents requested for the time period up to December 31, 2012.

### 2. REQUEST NOS. 27-29

The categories of information requested are within the proper scope of the suit, but the time period for which the documents are requested is overbroad. Defendants shall provide the documents requested for the time period up to December 31, 2012.

### 3. REQUEST NO. 31

For subparts (a)-(d), the categories of information and the time periods for which the documents are requested are within the proper scope of the suit.  Defendants shall produce those documents as requested.

For subparts (e)-(h), the categories of information requested are within the proper scope of the suit, but the time period for which the information is requested is overbroad.  Defendants shall produce the documents requested limited to the month prior to the accident.

### 4. REQUEST NOS. 34-35

The categories of information requested are within the proper scope of the suit, but the time period for which the documents are requested is overbroad.  Defendants shall provide the documents requested for the time period up to December 31, 2012.

### 5. REQUEST NO. 20

The information requested is within the proper scope of the suit.  Defendants shall produce the requested documents.

### 6. REQUEST NO. 23

The categories of information requested are within the proper scope of the suit,  but the time period for which the documents are requested is overbroad.  Defendants shall provide the documents requested for the time period up to December 31, 2012.

### 7. REQUEST NOS. 44-45

Defendants have objected to these requests based on the work product doctrine.  The court reserves ruling on whether defendants will be required to produce the requested statements and incident reports.  Before deciding the issue, the court will need additional information regarding

when the statements were taken, who took the statements, and how the statements related to participation by legal counsel. Accordingly, the parties shall submit the following additional materials to the court as soon as possible, but by no later than January 3, 2014:

> 1. Defendants shall provide the court will copies of the disputed documents for in camera inspection. The documents can be emailed to chambers at ndd_J-Miller@ndd.uscourts.gov or delivered directly to chambers.
>
> 2. Plaintiffs shall file the deposition transcripts of the individual or individuals who made statements and have already been deposed.
>
> 3. The parties shall file supplemental briefing regarding privilege law and whether the documents are discoverable.

The court understands that depositions of some of the parties who made statements are scheduled for January 7, 2014. The court will rule on whether the statements must be produced by January 6, 2014. If the depositions are rescheduled, the parties shall inform chambers of the change.

### 8. REQUEST NO. 52

The court understands that clothing Mr. Chapman was wearing at the time of the accident, as well as some of Mr. Chapman's personal possessions are in defense counsel's possession in her office in Tulsa, Oklahoma. The parties agree that defendants can proceed with the inspection of those items in Tulsa, which is scheduled for December 30, 2013. Plaintiffs may have a representative present when the inspection occurs. Following the inspection, the items shall be sent to defense counsel's office in Bismarck, North Dakota, and plaintiffs' counsel shall be permitted to access the items.

### 9.	REQUEST NO. 55

The request is overbroad as to time and the types of documents requested.  Defendants shall provide a response limited to condensate tank overflow resulting from a system failure during the five years preceding the accident.  The response shall also be limited to the time during which Hiland owned the plants.

### 10.	REQUEST NOS. 7-9

The court understands that located at the gas plant office is a set of three-ring binders containing policies and procedures for the Watford City Gas Plant.  Defendants have requested the current version of the binders as well as the version in existence on the day of the accident.  When defendants receive the requested material, it shall be produced in its entirety or made available for inspection.

### 11.	REQUEST NO. 11

The information requested is within the proper scope of the suit.  Defendants shall produce the requested documents.

## III.	DEFENDANTS' MOTIONS TO QUASH SUBPOENAS

Prior to the hearing, defendants filed motions to quash subpoenas duces tecum served on Kahuna Design, LLC and Kahuna Ventures, LLC ("Kahuna Entities") and on Zap Engineering & Construction Services, Inc ("Zap").  Defendants argue that the subpoenas were void for failure to comply with the Federal Rules of Civil Procedure.  The court agrees.  The subpoenas required that the documents be produced at the offices of plaintiffs' attorneys in Jackson, Wyoming, but were issued in the name of this court.  This is contrary to what was required by Fed. R. Civ. P. 45(a)(2)(C) prior to December 1, 2013.  Consequently, the court **GRANTS** the motions to quash (Docket Nos.

80 & 82). Plaintiffs will be required to issue new subpoenas unless the parties are able to agree otherwise.

Defendants also object to the scope of the current subpoenas. If the parties are unable to reach an agreement as to the scope of production, the court would enforce properly drawn and served subpoenas against the Kahuna Entities and Zap. As to the Kahuna Entities, the scope of the current subpoena is proper. As to Zap, the scope of the current subpoena is overbroad. The court would likely enforce a subpoena with more limited requests, including requests for documents related lighting, signage, monitoring, gauging, sensing, and alarms. Also, the court would likely conclude that plaintiffs would be required to pay reasonable third-party production expenses.

Dated this 26th day of December, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court