**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Lenny M. Chapman and<br>Tracy M. Chapman, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | **ORDER REQUIRING DISCUSSION<br>OF THE ADVISABILITY OF<br>EARLY SETTLEMENT** |
| vs. | )<br>) | |
| Hiland Operating, LLC, a Foreign<br>Company, Hiland Partners GP Holdings,<br>LLC, a Foreign Company, and Hiland<br>Partners LP, a Foreign Partnership, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | Case No. 1:13-cv-052 |
| Defendants and<br>Third-Party Plaintiff<br>(Hiland Operating, LLC) | )<br>)<br>)<br>) | |
| vs. | )<br>) | |
| Missouri Basin Well Service, Inc., and<br>B&B Heavy Haul, LLC, | )<br>)<br>) | |
| Third-Party Defendants. | ) | |

On January 23, 2014, the court held a telephonic status conference in the above-captioned case. Attorneys Robert P. Schuster and James R. Hoy appeared on plaintiffs' behalf. Attorneys Margaret M. Clarke and Patrick W. Durick appeared on defendants' behalf. Attorneys Gordon H. Hansmeier and Christopher A. Wills appeared on behalf of third-party defendant B&B Heavy Haul, LLC. Attorney Joel A. Flom appeared on behalf of third-party defendant Missouri Basin Well Service, Inc.

Among the issues discussed was the possibility that an early settlement effort could save all parties from having to incur substantial litigation expense in this matter, which, at the end of the day,

may have little impact on the final outcome of the case. Among other things, plaintiffs and defendants will each be incurring substantial expenses for attorney's and expert's fees[1] that likely are not recoverable as between plaintiffs and defendants, regardless of who prevails.

The third-party defendants, however, may face an even greater exposure if plaintiffs obtain a judgment against defendants and defendants prevail on the third-party claims. Depending upon the scope of the third-party defendants' alleged contractual obligations, they may be faced with having to pay, in addition to their own attorney's fees and costs, any judgment in favor of plaintiffs (amounts for liability, prejudgment interest,[2] and taxable costs) as well as possible defendants' attorney's fees and costs, including actual expert fees.

Having considered the issue further, the court directs the parties (including the third-party defendants) to discuss with their the clients the advisability of an early settlement conference or mediation and the timing of any such alternative dispute resolution effort. The possibilities include not only the parties attempting to reach a global settlement on all claims, but also one that is limited to settlement of plaintiffs' claims, thereby saving the very expensive discovery and trial costs associated with that part of the litigation.

The parties are directed to consult with their clients with regard to these matters before the February 4, 2014, status conference and to be prepared to discuss the advisability and timing of any

---

[1] Absent an agreement of the parties or a specific statute providing for recovery of expert fees, the costs taxable for experts in federal court is the daily witness fee that applies for all witnesses under 28 U.S.C. §§ 1821(b) and 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987); Neosho R-V School Dist. v. Clark, 315 F.3d 1022, 1031 (8th Cir. 2003).

[2] In the court's experience, this is a frequently overlooked item when parties evaluate cases. Under North Dakota law, the jury can award interest in its discretion up to 6% per annum, even on non-economic damages. E.g., Gonzalez v. Tounjian, 2003 ND 121, ¶¶ 36-38, 665 N.W.2d 705. For example, if the medical expenses and lost wages in this case are $1.5 million by the time this case gets to trial and the jury decides to award $2,000,000 in past non-economic damages. Further assume the jury finds 100% liability on defendants. If the jury awards the full 6% for prejudgment interest, this item alone could be in excess of $650,000.

ADR effort at that time.

**IT IS SO ORDERED**

Dated this 24th day of January, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
