**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Lenny M. Chapman and <br> Tracy M. Chapman, <br><br> Plaintiffs, <br><br> vs. <br><br> Hiland Operating, LLC, a Foreign Company, Hiland Partners GP Holdings, LLC, a Foreign Company, and Hiland Partners LP, a Foreign Partnership, <br><br><br> Defendants and <br> Third-Party Plaintiff <br> (Hiland Operating, LLC) <br><br> vs. <br><br> Missouri Basin Well Service, Inc., and B&B Heavy Haul, LLC, <br><br> Third-Party Defendants. | **ORDER GRANTING MOTION TO COMPEL** <br><br><br><br><br> Case No. 1:13-cv-052 |

Before the court is "Plaintiffs' Motion to Compel: November 11, 2013 Requests for Production of Documents" filed February 12, 2014. Defendants filed a response opposing the motion. On April 11, 2014, the court held a telephonic hearing on the motion. Attorneys Robert P. Schuster, David S. Maring, and James R. Hoy appeared on plaintiffs' behalf. Attorneys Margaret M. Clarke and Patrick W. Durick appeared on defendants' behalf. Attorney Joel A. Flom appeared on behalf of third-party defendant Missouri Basin Well Service, Inc. Attorneys Gordon H. Hansmeier and Christopher A. Wills appeared on behalf of third-party defendant B&B Heavy Haul, LLC.

## I. BACKGROUND

At issue are defendants' responses to two sets of Requests for Production of Documents ("RFPD") issued by plaintiffs on November 11, 2013. The requests are essentially identical except that one set was issued to Hiland Partners GP Holdings, LLC ("Hiland Holdings") and the other was issued to Hiland Partners, LP ("Hiland Partners"). Plaintiffs assert that defendants' responses were inadequate in that they contained improper objections and that they were presented in such a way that it was difficult, if not impossible, to determine which documents were responsive to which requests.

Defendants' responses included both "General Objections" and objections to the specific document requests. The general objections included at the beginning of the responses provide:

### GENERAL OBJECTIONS

These general objections are to all Requests for Production of Documents and are in addition to any other objections set forth below:

   i. Pursuant to FRE 401 et. seq., this Defendant objects to the Document Requests that are not relevant to the subject matter of the pending action and those that are not reasonably calculated to lead to the discovery of admissible evidence.

   ii. This Defendant objects to the Document Requests that call for disclosure of information subject to the attorney-client privilege and the attorney work product doctrine.

   iii. This Defendant objects to the disclosure of any information that was prepared in anticipation of litigation by and for this Defendant or any of its representatives that are otherwise beyond the scope of discovery admitted by Court rule.

   iv. This Defendant objects to the definitions and instructions contained in the Document Requests to the extent those definitions and instructions purport to impose duties or obligations in addition to, or inconsistent with, or different from the requirements of the Federal Rules of Civil Procedure.

      v.      This Defendant objects to Plaintiffs' Document Requests to the extent Plaintiffs purport to require this Defendant to identify or produce information or documents that are not within this Defendant's custody and control. This Defendant will identify or produce nonprivileged information or documents that are presently in the custody and control of this Defendant.

      vi.      This Defendant objects to Plaintiffs' instructions concerning the supplementation of this Defendant's answers to the extent that those instructions purport to impose duties or obligations in addition, or inconsistent with, or different from the requirements of the Federal Rules of Civil Procedure.

      vii.      This Defendant objects to Plaintiffs' instructions to the extent Plaintiffs purport to require this Defendant to identify and give detailed information concerning privileged documents, communications or information in which such identification is not required by the Federal Rules of Civil Procedure.

      viii.      This Defendant does not concede the relevancy of any Document Request nor the admissibility of any information provided or documents produced in response thereto. The fact that information is provided or documents produced in response to a particular Document Request does not mean that it is probative of any particular issue in this matter.

      ix.      If any work product or privileged document or information is inadvertently produced in response to this or other requests, this Defendant reserves this privilege with respect to the document or information, its right to object to inspection or copying the document or information, its right to demand the return of the document or information, and its right to object to the admissibility of the document or information.

      x.      This Defendant objects to any Document Request to the extent that it calls for information that falls outside the scope of services contracted for from this Defendant.

(Docket Nos. 118-3, pp. 1-3; 118-4, pp. 1-3).

In addition, most, if not all, of defendants' responses to the specific document requests begin with the statement, "This Defendant objects to this Request as it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence."

Following a meet and confer during which the parties attempted to resolve the dispute, defendants issued a "Notice of Withdrawal of Objections." (Docket No. 118-7). Defendants' counsel later sent a letter to plaintiffs clarifying that defendants had withdrawn all general objections. (Docket No. 118-8).

## II. DISCUSSION

### A. Substantive disputes

During the hearing, plaintiffs identified two requests to which they believed defendants had failed to produce responsive documents. The court's rulings as to those requests follow.

> **1. REQUEST NO. 16:** Please produce all federal and state tax returns for the tax year of 2011, including any schedules and attachments to such returns, in the possession, custody, or control of [Hiland Partners/Hiland Holdings] that reflect the recognition of any income from activities at the Hiland Gas Plant or that reflect the taking of any deduction, expense, or depreciation in regard to any activities or operation of the Hiland Gas Plant.

Plaintiffs argue that they need the requested information to help sort out which Hiland entities named as defendants in this action are liable if plaintiffs prevail. The court inquired of the parties whether this is a matter that could be resolved by stipulation and eliminate the need for this discovery. If the parties cannot reach an agreement regarding this matter to the satisfaction of plaintiffs, defendants shall submit the documents to the court for *in camera* inspection on or before April 30, 2014. The documents may be emailed to ndd_J-Miller@ndd.uscourts.gov or delivered to chambers.

> **2. REQUEST NO. 52:** Please produce all photographs and videos taken of Lenny M. Chapman or Tracy M. Chapman at any time, including but not limited to photographs and videos taken on or after October 19, 2011. This

> request is continuing in nature (as are all the requests) and includes any surveillance photographs or videos that may be taken of either of the plaintiffs by any defendant or any agent, representative, attorney, or investigator for any defendant or the defense at any time. In producing the photographs and videos, please produce them in electronic form with the metadata for each image preserved with each such image.

Defendant Hiland Partner's response to this request refers plaintiffs to Hiland Holding's response to RFPD 52. (Docket No. 118-4, p. 43). Defendant Hiland Holding's response to RFPD 52 refers plaintiffs to Hiland Operating's response to RFPD 42 and any supplementation thereto. (Docket No. 118-3, p. 48). Hiland Operating's response to RFPD 42 includes a number of objections but ultimately "states that it is not aware at this time of documents responsive to this Request." (Docket No. 84-2, p. 36).

During the hearing, plaintiffs' counsel stated he believed the Chapmans had been or were being surveilled at the direction of defendants. Defendants stated they had not directed that plaintiffs be monitored and that they were not aware of any documents responsive to plaintiffs' request. Defendants have substantively complied with plaintiffs' Request 52.

### B. **Procedural disputes**

There simply is no basis for defendants' "general objections." See, e.g., Fed. R. Civ. P. 34(b)(2)(B)-(C) (appropriate response must be made to each discovery request and, if an objection is made to part of the request, the response must specify that inspection will be permitted as to the remainder).

Also objectionable in this case is defendants' objection repeated to virtually every discovery request no matter how specific, targeted and relevant: "This Defendant objects to this Request as it is overly broad, unduly burdensome, vague, ambiguous, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence." For example:

5

> **REQUEST NO. 2:** Please produce the company directory (or other similar listing) as it existed as of October 18, 2011, listing the employees of Hiland Holdings, and their names, addresses, and job titles.
>
> **RESPONSE:** This Defendant objects to this Request as it is overly broad, unduly burdensome, vague, ambiguous, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection and in a good faith effort to cooperate with discovery, Plaintiff [sic] are referred to Hiland Operating's response to Interrogatory No. 3 requesting the contact information of all individuals on shift at the Plant during the relevant time frame and Hiland Operating's response to RFPD 5 and all supplementations thereto.

(Docket Nos. 118-3). No attorney acting reasonably and in good faith could conclude this request was vague and ambiguous. Further, in the particular context of this case, the objections that the request was unduly burdensome and irrelevant are specious. Finally, the fact that a response was given subject to the objections does not cure the problem because it is impossible to tell not only from this specific response but also from the "general objections" what exactly defendants are not agreeing to provide.

During prior discovery hearings, the court orally expressed its concern about frivolous discovery objections and suggested in a previous written order that defendants' repeated objections of undue burden, vagueness, and lack of relevance, regardless of the specificity and relevancy of the discovery requests, were improper. See Chapman v. Hiland Operating, LLC, No. 1:13-cv-052, 2014 U.S. Dist. LEXIS 2671, at *29 n.7 (D.N.D. Jan. 6, 2014) ("It is difficult to believe that defense counsel actually read Request No. 44 before mindlessly interjecting the objections that the request was overbroad, vague, and ambiguous. It is hard to envision a more specific and directed document request. Further, even the objections of lack of relevancy or unlikelihood to lead to discoverable evidence are not a close call and are frivolous."). However, the message appears not

to have gotten through since this objectionable conduct on the part of at least some of defense counsel persisted.

Later, after plaintiffs' counsel objected, defendants did withdraw most of the improper objections. However, the manner in which the responses were made makes it difficult to track through for any particular discovery request exactly what defendants have finally agreed to provide and what is still objected to.

To eliminate any confusion and doubt about whether defendants are complying or not with the written discovery that has been served upon them in this case to date, defendants shall prepare new responses to all discovery requests that (1) eliminate any improper "general objections" of the type set forth above and (2) clearly specify for each discovery request whether it is being complied with, not complied with, or partially complied with. And, in the latter two instances, defendants shall set forth their objections and make only objections for which there is a good faith basis. Finally, the costs and expense of redoing the discovery responses shall be borne by the law firm for the attorney who has personally signed the discovery responses and shall not be charged back to their clients. See Fed. R. Civ. P. 26(g)(3). Also, a copy of this order shall be provided by defense counsel to their clients.

## III. CONCLUSION AND ORDER

For the reasons stated above, plaintiffs' Motion to Compel (Docket No. 116) is **GRANTED**. Defendants shall provide the court with the documents responsive to Request No. 16 for *in camera* inspection by April 30, 2014, unless a satisfactory agreement can be reached with plaintiffs' counsel. In addition, defendants shall provide plaintiffs with redone discovery responses in accordance with
7

this order by May 5, 2014, and otherwise comply with this order in terms of the costs and expenses for redoing this discovery.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court