# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Lenny M. Chapman and Tracy M. Chapman, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **ORDER GRANTING IN PART** ) **MOTION TO COMPEL** |
| Hiland Operating, LLC, a Foreign Company, Hiland Partners GP Holdings, LLC, a Foreign Company, and Hiland Partners LP, a Foreign Partnership, | ) ) ) ) ) |
| | ) Case No. 1:13-cv-052 |
| Defendants and Third-Party Plaintiff (Hiland Operating, LLC), | ) ) ) ) |
| vs. | ) ) |
| Missouri Basin Well Service, Inc., and B&B Heavy Haul, LLC, | ) ) ) |
| Third-Party Defendants. | ) |

Before the court is "Defendants' Motion to Compel Plaintiff Tracy R. [sic] Chapman to Respond to Defendant's Discovery Requests" filed by defendant Hiland Operating, LLC ("Hiland Operating" or "defendant") on April 15, 2014. Plaintiffs filed a response opposing the motion on April 21, 2014. On May 23, 2014, the court held a telephonic hearing on the motion. Attorneys Robert P. Schuster, Bradley L. Booke, and James R. Hoy appeared on plaintiffs' behalf. Attorneys Steven E. Oertle, Margaret M. Clarke, and Patrick W. Durick appeared on defendant's behalf.

## I. BACKGROUND

At issue is plaintiff Tracy M. Chapman's response to defendant's Request for Production of Documents No. 21 served January 8, 2014. The request and Chapman's response provided in relevant part as follows:

> **REQUEST FOR PRODUCTION NO. 21:** Produce all written communications between You and any other individual or entity regarding Lenny Chapman, the Incident, Hiland, Hiland Partners, Hiland Partners GP, B&B, Missouri Basin, the lawsuit, or the allegations in the Complaint since October 19, 2011, including, but not limited to, emails, text messages, instant messages, journal updates, Facebook postings, notes, cards, and/or memorandums.
>
> **RESPONSE**
>
> Plaintiff objects to this request for the following reasons:
>
>     a.    It violates the attorney client and work product privileges.
>
>     b.    Plaintiff objects to this request because it is unintelligible–and is, accordingly, improperly vague and ambiguous, requiring plaintiff's counsel to guess and speculate as to its meaning. More directly to the point, discovery items should be drafted in a manner that permits counsel, the Court, and the jury to be able to have a reasonably clear understanding of what is requested so that the response to the request can be informed and appropriate. This request does not comply with that standard.
>
>     c.    To the extent this request is seeking information regarding Mr. Chapman, counsel for Mrs. Chapman would direct insurance defense counsel to Mr. Chapman.
>
>     d.    It seeks information regarding consulting experts contrary to the provisions of Rule 26(b) of the Federal Rules of Civil Procedure. . . .
>
>     e.    It is overbroad and seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible evidence.
>
> Subject to the objections, plaintiff provides the following response:

> . . . .
>
> Mrs. Chapman had a Facebook account until approximately the spring of 2013 when it was closed. Mrs. Chapman has no further access to the account.

(Docket Nos. 139-1, p.10; 139-2, pp. 15-16).

In Mrs. Chapman's deposition, she stated that she deactivated her Facebook account in the spring of 2013 on the advice of her attorney. (Docket No. 139-3, pp. 8-9). She stated that she attempted to reactive her account to respond to discovery requests but was unable to remember her password. (Id. at pp. 12-13). She stated that she had not attempted to change her password or contacted Facebook regarding reactivating her account. (Id. at p.10).

## II. DISCUSSION

In the motion to compel now before the court, defendant requests that Tracy Chapman be required to produce information from her Facebook account. Plaintiffs resist the motion, arguing that Tracy Chapman's Facebook account is unlikely to include relevant information, because, as she stated in her deposition, she rarely used the account, and when she did it was primarily to communicate with her nieces and nephews. Plaintiffs further argue that if Tracy Chapman is required to respond to defendant's requests regarding her Facebook account, defendant should be required to respond to plaintiffs' July 16, 2013 request for social media postings by Hiland employees present at the Watford City Gas Plant at the time of the explosion.

During the hearing, the time frame over which the Facebook postings were requested, the scope of the postings requested, and the extent of any access to Tracy Chapman's Facebook page by defense counsel were discussed. The court observed that as written, Defendant's Request No. 21 requests only material posted since October 19, 2011. Defendant argued that Request No. 21 should be read in conjunction with Request No. 18, which requested the same types Facebook

postings by without any time limitation. Plaintiffs responded that any production ordered should be limited, as stated in Request No. 21, to postings since October 19, 2011. Defendants also argued that defense counsel should be permitted to be present when the account is reactivated and to examine the entire contents of the account to prevent spoliation of relevant evidence. Plaintiffs responded that any production required should be limited to screen shots or a similar format of the requested items. The substance of the court's ruling, as made on the record during the hearing, follows.

### III. CONCLUSION AND ORDER

Although the court is skeptical that Tracy Chapman's Facebook account will contain any relevant, noncumulative information, especially given the amount of discovery already completed in this case, the court **GRANTS IN PART** the motion to compel (Docket No. 139) and **ORDERS** as follows:

1. Tracy Chapman and plaintiffs' counsel shall make a reasonable, good faith attempt to reactivate Tracy Chapman's Facebook account. Plaintiffs do <u>not</u> have to permit defense counsel to be present during the attempt to reactivate the account, and if the account is reactivated, plaintiffs do <u>not</u> have to provide defense counsel the account login and password or full access to the account.

2. If Tracy Chapman's Facebook account is reactivated, plaintiffs shall produce in the form of a screen shot other similar format all information from the account referencing:

    a. Lenny M. Chapman's health or his relationship with Tracy Chapman since October 19, 2008; and

      b.      Lenny Chapman's activities, the "Incident" as defined defendant's requests for production, or this lawsuit since October 19, 2011.

3. Plaintiffs shall accomplish items 1-2 above by no later than <u>June 27, 2014</u>.

4. If plaintiffs want to court to consider whether the social media information of employees of any of the Hiland entities must be produced, an appropriate motion shall be filed.

**IT IS SO ORDERED**.

Dated this 29th day of May, 2014.

                                       */s/ Charles S. Miller, Jr.*
                                       Charles S. Miller, Jr., Magistrate Judge
                                       United States District Court